UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BARON MONTERO JONES,

      Plaintiff,

v().

TARA FERGUSON-LOPEZ, *Assistant Hennepin County Attorney (personal capacity)*, KATHRYN QUAINTANCE, *Fourth Judicial District Court Judge (personal capacity)*, STATE OF MINNESOTA, *(personal capacity)*, SGT. COFFLIN, *Hennepin County Adult Detention Center Sergeant*,

      Defendants.

Case No. 16-CV-3288 (JNE/TNL)
**ORDER**

On February 16, 2017, the Court granted Plaintiff Baron Montero Jones additional time to pay an initial partial filing fee. (*See* Dkt. No. 9.) That time has now elapsed, and the Court has still not received any payment. Therefore, the Court accepts the recommended disposition within the Report and Recommendation ("R&R") issued by the Honorable Tony N. Leung, United States Magistrate Judge, on December 27, 2016. (Dkt. No. 6.) This action is therefore dismissed for failure to prosecute, and Jones's application to proceed in forma pauperis is denied as moot. *See DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (stating that dismissal for failure to prosecute is proper "when there has been a clear record of delay" (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999))).

Even though the action is dismissed, and Jones's application is denied, Jones must still pay the $350 district court filing fee. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (holding that even if an action is

dismissed for failure to prosecute, and an application to proceed in forma pauperis is denied, a prisoner "will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action"). The PLRA provides that the unpaid balance of a filing fee may be paid via partial installments from a prisoner's trust account. *See* § 1915(b)(2). Because Jones has not paid the initial partial filing fee, the Court orders that the entire $350 filing fee be paid according to this method. *See Thomas v. Polk Cty.*, No. 15-CV-4479 (DWF/SER), 2016 WL 868178, at *1 (D. Minn. Mar. 7, 2016).

Finally, the R&R did not determine whether dismissal of this action counts as a strike against Jones for the purposes of 28 U.S.C. § 1915(g). If a prisoner's action is dismissed because it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," then the dismissal counts as a strike. § 1915(g). Because failure to prosecute is not analogous to any of those grounds for dismissal, the Court's dismissal in this case does not count as a strike. *See Butler v. Dep't of Justice*, 492 F.3d 440, 443-44 (D.C. Cir. 2007).

Therefore, IT IS ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Baron Montero Jones's application to proceed in forma pauperis [Dkt. No. 2] is DENIED AS MOOT.

3. The agency having custody of Plaintiff Baron Montero Jones is ordered to forward monthly payments from Jones's prison trust account to the Clerk of Court, in accordance with 28 U.S.C. § 1915(b)(2), until the unpaid balance of the $350 filing fee is fully paid.

4. Dismissal of this action is not counted as a strike under 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 15, 2017.

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge